IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| RICHARD KRAMER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CV 05-471-C-LMB |
| | ) | |
| v. | ) | **MEMORANDUM DECISION** |
| | ) | **AND ORDER** |
| LATAH COUNTY, IDAHO; LATAH | ) | |
| COUNTY BOARD OF COMMISSIONERS; | ) | |
| WAYNE RAUSCH, in his official capacity | ) | |
| as Sheriff of Latah County, Idaho, and in his | ) | |
| individual capacity; and RACHEL RAUSCH, | ) | |
| and the marital community comprised of | ) | |
| WAYNE and RACHEL RAUSCH, husband | ) | |
| and wife, | ) | |
| | ) | |
| Defendants. | ) | |

Currently pending before the Court are Plaintiff's Motion for Partial Summary Judgment

Regarding Property Interest and Due Process (Docket No. 8), Plaintiff's Motion to Strike

Exhibits 3 through 7 to the Erbland Affidavit, included in Plaintiff's Objection to Affidavit of

Peter C. Erbland Regarding Summary Judgment Record (Docket No. 48), and Defendants'

Motion to Modify the July 24, 2006, Order, included in Defendants' Response to Plaintiff's

Objection Regarding Summary Judgment Record (Docket No. 49).  Having carefully reviewed

the record, considered oral arguments on the motion for partial summary judgment, and

otherwise being fully advised, the Court enters the following Memorandum Decision and Order

# I.

# BACKGROUND

Plaintiff Richard Kramer ("Plaintiff" or "Kramer") and Defendant Wayne Rausch ("Rausch") were coworkers in the Latah County Sheriff's Office for several years. *See Kramer Affidavit*, ¶ 2 (Docket No. 11); *Rausch Affidavit*, ¶ 2 (Docket No. 19, Att. 1). Plaintiff was employed in that office from December 3, 1990, until April 5, 2005, and held, over the years, the ranks of Deputy, Corporal, Sergeant, and Field Lieutenant, sequentially. *Kramer Affidavit*, ¶ 2 (Docket No. 11). Rausch was employed from 1997 until January 11, 2004, and also progressed through the ranks. *Rausch Affidavit*, ¶ 2 (Docket No. 19, Att. 1).

In September 2003, Plaintiff was ordered by then Sheriff, Jeff Crouch ("Crouch") to conduct a series of internal affairs investigations of Rausch, who was a sergeant at that time. *Kramer Affidavit*, ¶ 5 (Docket No. 11). As a result of these investigations, Rausch was demoted from sergeant to the rank of deputy. *Id*. Thereafter, Rausch resigned and became a candidate for the office of Latah County Sheriff in the 2004 campaign. *Id*.

During the campaign, Plaintiff wrote a letter to the editor of the Lewiston Morning Tribune in which he challenged Rausch's honesty. *Id*. at ¶ 6. Nonetheless, Rausch was elected. *Id*. at ¶ 7; *Rausch Affidavit*, ¶ 3 (Docket No. 19, Att. 1).

On January 10, 2005, Rausch took office as the new Latah County Sheriff, and on February 4, 2005, he "reassigned" Plaintiff, who had by then attained the rank of Field Lieutenant, to "Deputy Contract Officer." *Feb. 4, 2005, Memorandum from Rausch to Kramer*,

*Ex. 8 to Plaintiff's Memorandum in Support*, p. 28 (Docket No. 9, Att. 1).[1,2]  Plaintiff was told that while his wage would not change due to the position change, he would receive no further pay increases for the duration of his employment with the Latah County Sheriff's Office "[b]ecause this wage is considerably higher than even that of a Sergeant." *Letter from Rausch to Kramer*, *Ex. 10 to Plaintiff's Memorandum in Support*, p. 32 (Docket No. 9, Att. 1).[3]  Further, Plaintiff was told that "[b]ecause of the considerable [wage] rate" he would be receiving for the new position he would occupy, he was not to work overtime without consent of the shift supervisor. *Feb. 24, 2005, Memorandum from Rausch to Kramer*, *Ex. 11 to Plaintiff's Memorandum in Support*, p. 34 (Docket No. 9, Att. 1).[4]

On April 5, 2005, Plaintiff resigned.  *Kramer Affidavit*, ¶ 2 (Docket No. 11).  On November 18, 2005, Plaintiff filed this civil action, bringing several causes of action:  breach of contract, wrongful discharge contrary to public policy, constitutional violations including retaliation for the exercise of free speech and political expression and denial of due process, and age discrimination.  *Complaint*, pp. 12–15 (Docket No. 1).  Plaintiff's pending Motion for Partial Summary Judgment Regarding Property Interest and Due Process (Docket No. 8) concerns only the cause of action of the constitutional violation of the denial of due process.  Accordingly, the

---

[1] The parties do not agree on the characterization of the position change.  Plaintiff maintains he was demoted while Defendants contend Plaintiff was merely reassigned.  *Compare Feb. 4, 2005, Memorandum from Rausch to Kramer*, *Ex. 8 to Plaintiff's Memorandum in Support*, p. 28 (Docket No. 9, Att. 1), *with Kramer Affidavit*, ¶ 2 (Docket No. 11).

[2] Though the February 4, 2005, Memorandum was filed merely as an exhibit to Plaintiff's Memorandum in Support, the parties have stipulated that it is "of record."  *Stipulation Re: Summary Judgment Record*, ¶ 1 (Docket No. 39).

[3] The parties have stipulated that this exhibit is "of record."  *Stipulation Re: Summary Judgment Record*, ¶ 3 (Docket No. 39).

[4] The parties have stipulated that this exhibit is "of record."  *Stipulation Re: Summary Judgment Record*, ¶ 4 (Docket No. 39).

**MEMORANDUM DECISION AND ORDER -3-**

other causes of action are not within the purview of this Memorandum Decision and Order and will not be discussed herein.

## II.

### MOTION FOR PARTIAL SUMMARY JUDGMENT

On December 27, 2005, Plaintiff filed his Motion for Partial Summary Judgment Regarding Property Interest and Due Process (Docket No. 8), seeking an order finding that he had a property interest in his position as Field Lieutenant with the Latah County Sheriff's Office and that Defendants failed to provide due process to him when he was "reassigned" as a Contract Deputy. The Court heard oral arguments on this motion on July 19, 2006, *Minute Entry* (Docket No. 35), following which supplemental briefing was allowed and the parties were ordered to complete the record in accordance with Federal Rule of Civil Procedure 43(e), *Order Continuing Motion* (Docket No. 34).

### A.   Summary Judgment Standard

Motions for summary judgment are governed by Federal Rule of Civil Procedure 56, which provides, in pertinent part, that judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

### 1.   Genuine Issue of Material Fact

According to Rule 56, an issue must be both "material" and "genuine" to preclude entry of summary judgment. An issue is "material" if it affects the outcome of the litigation. *Hahn v.*

**MEMORANDUM DECISION AND ORDER -4-**

*Sargent*, 523 F.2d 461, 464 (1st Cir. 1975).  That is, a material fact is

> one that is relevant to an element of a claim or defense and whose
> existence might affect the outcome of the suit.  The materiality of a fact is
> thus determined by the substantive law governing the claim or defense.
> Disputes over irrelevant or unnecessary facts will not preclude a grant of
> summary judgment.

*T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (citing

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986)).

On the other hand, an issue is "genuine" when there is "sufficient evidence supporting

the claimed factual dispute . . . to require a jury or judge to resolve the parties' differing versions

of the truth at trial."  *Hahn*, 523 F.2d at 464 (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*,

391 U.S. 253, 289 (1968)).  Because factual disputes are to be resolved at trial, in ruling on

summary judgment motions, the Court does not resolve conflicting evidence with respect to

disputed material facts, nor does it make credibility determinations.  *T.W. Elec. Serv., Inc.*, 809

F.2d at 630.  Moreover, all inferences must be drawn in the light most favorable to the

nonmoving party.  *Id*. at 631.

### 2.    Moving and Nonmoving Parties' Burdens

The initial burden is on the moving party to show that there is no genuine issue as to any

material fact and that the moving party is entitled to judgment as a matter of law.  *See Steckl v.

Motorola, Inc.*, 703 F.2d 392, 393 (9th Cir. 1983); Fed. R. Civ. P. 56(c).  If the moving party

meets its initial burden, the nonmoving party must "produce 'specific facts showing that there

remains a genuine factual issue for trial' and evidence 'significantly probative' as to any

[material] fact claimed to be disputed."  *Steckl*, 703 F.2d at 393 (quoting *Ruffin v. County of L.A.*,

607 F.2d 1276, 1280 (9th Cir. 1979)).  In addition, the nonmoving party must make a showing

sufficient to establish the existence of an element that is essential to the party's case and upon

which the party will bear the burden of proof at trial; otherwise, summary judgment is required.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  If the nonmoving party fails to make such a

showing on any essential element of the nonmoving party's case, "there can be 'no genuine issue

as to any material fact,' since a complete failure of proof concerning an essential element of the

nonmoving party's case necessarily renders all other facts immaterial." *Id*. at 323.  *See also* Fed.

R. Civ. P. 56(e).[5]  So, to withstand a motion for summary judgment, a nonmoving party

> (1) must make a showing sufficient to establish a genuine issue of fact
> with respect to any element for which it bears the burden of proof; (2)
> must show that there is an issue that may reasonably be resolved in favor
> of either party; and (3) must come forward with more persuasive evidence
> than would otherwise be necessary when the factual context makes the
> non-moving party's claim implausible.

*British Motor Car Distribs., Ltd. v. S.F. Auto. Indus. Welfare Fund*, 883 F.2d 371, 374 (9th Cir.

1989) (citation omitted).

In recent years, the Supreme Court, "by clarifying what the non-moving party must do to

withstand a motion for summary judgment, has increased the utility of summary judgment."

*Cal. Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir.

1987).  Therefore, "[n]o longer can it be argued that any disagreement about a material issue of

fact precludes the use of summary judgment." *Id*.  Nonetheless, "if a rational trier of fact might

resolve the issue in favor of the nonmoving party, summary judgment must be denied." *T.W.*

*Elec. Serv., Inc.*, 809 F.2d at 631; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)

---

[5] Rule 56(e) states that, in responding to a motion for summary judgment,
> an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the
> adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts
> showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment,
> if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

**MEMORANDUM DECISION AND ORDER -6-**

(holding a motion for summary judgment must be denied when the "evidence is such that a

reasonable jury could return a verdict for the nonmoving party").

**B.**     **Due Process**

In bringing this motion, Plaintiff seeks an order finding that he had a property interest in

his position as Field Lieutenant with the Latah County Sheriff's Office and that the Defendants

failed to provide due process to him when assigning him to the Contract Deputy position.

*Plaintiff's Motion for Partial Summary Judgment*, pp. 1–2 (Docket No. 8).

The Fourteenth Amendment of the United States Constitution provides that no state shall

"deprive any person of life, liberty, or property, without due process of law."  U.S. CONST.

amend. XIV, § 1.  Thus, the Constitution protects against the deprivation of property without

procedural due process.  *Koepping v. Tri-County Metro. Transp. Dist. of Or.*, 120 F.3d 998, 1005

(9th Cir. 1997).  Accordingly, in addressing Plaintiff's Motion for Partial Summary Judgment,

the questions before the Court are (1) whether Plaintiff had a protected property interest, (2) if

so, whether he was deprived of that property interest, and (3) if so, whether he was afforded the

procedural due process required for such a deprivation.[6]

**1.**     **Protected Property Interest**

Property interests are "created and their dimensions are defined by existing rules or

understandings that stem from an independent source such as state law—rules or understandings

that secure certain benefits and that support claims of entitlement to those benefits."  *Bd. of*

*Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972).  Further, to establish a property

interest in a benefit, a person must demonstrate that he or she has a legitimate claim of

entitlement to it, not merely a unilateral expectation.  *Id.*

---

[6] Notably, Plaintiff has not yet sought a determination of exactly what process he was due.

**MEMORANDUM DECISION AND ORDER -7-**

Plaintiff alleges that he was deprived of a property interest when he was "demoted" from the rank of Field Lieutenant to the rank of Contract Deputy.  *See Plaintiff's Memorandum in Support*, p. 16 (Docket No. 9).  To be successful on his motion for partial summary judgment, Plaintiff must first establish that there remain no genuine issues of material fact that Plaintiff had a legitimate claim of entitlement to his rank of Field Lieutenant.

In Idaho, it is clear that "classified" employees have property interests in continued employment.  *Fridenstine v. Idaho Dep't of Admin.*, 133 Idaho 188, 190, 983 P.2d 842, 844 (1999) (citing *Arnzen v. State*, 123 Idaho 899, 854 P.2d 242 (1993)).  In this case, as a Field Lieutenant, Plaintiff was a "classified" employee.  *See Latah County Bd. of Comm'rs Motion & Order, Ex. 9 to Plaintiff's Memorandum in Support*, p. 30 (Docket No. 9, Att. 1).[7]  Accordingly, Plaintiff had a property interest in continued employment.

Nonetheless, the key issue before the Court at this time is not whether Plaintiff was deprived of a property interest by having his employment discontinued, but whether Plaintiff was deprived of a property interest by being demoted or reassigned to the Contract Deputy position. *See Plaintiff's Memorandum in Support*, p. 6 (Docket No. 9).  The benefit of having the rank or position of Field Lieutenant constituted Plaintiff's protectable property interest if there were "such rules or mutually explicit understandings that support his claim of entitlement to the benefit[s] and that he may invoke at a hearing."  *Nelson v. Boundary County*, 109 Idaho 205, 210, 706 P.2d 94, 99 (Ct. App. 1985) (citing *Perry v. Sindermann*, 408 U.S. 593, 601 (1972)).

In Idaho, "[a] term of employment set by a contract is a property interest safeguarded by due process." *Allen v. Lewis-Clark State Coll.*, 105 Idaho 447, 461 n.6, 670 P.2d 854, 868 n.6

---

[7] The parties have stipulated that this exhibit is "of record."  *Stipulation Re: Summary Judgment Record*, ¶ 2 (Docket No. 39).

**MEMORANDUM DECISION AND ORDER -8-**

(1983) (citing *Roth*, 408 U.S. at 576–77), *declined to follow on other grounds by Smith v. Meridian Joint Sch. Dist. No. 2*, 128 Idaho 714, 918 P.2d 583 (1996).  Further, an employee's handbook can constitute a term of the employment contract.  *Harkness v. City of Burley*, 110 Idaho 353, 356, 715 P.2d 1283, 1286 (1986) (citing *Johnson v. Allied Stores Corp.*, 106 Idaho 363, 368, 679 P.2d 640, 645 (1984)).

In this present case pending before the Court, the terms of Plaintiff's employment were set forth in the Latah County Personnel Policy Handbook ("County Handbook") and the Sheriff's Office Policy.  Thus, the Court will look to the handbook and policy to determine whether the policies therein created mutually-explicit understandings to support Plaintiff's claim of entitlement to his assignment as Field Lieutenant.[8]

The Latah County Sheriff's Office employs several ranks and pay grade classifications for its employees.  *Latah County 2003 - 2004 Salary Scale*, *Ex. 12 to Plaintiff's Memorandum in*

---

[8] In making the determination regarding Plaintiff's rank of Field Lieutenant, the Court notes that, because allegations of procedural due process violations in the employment context most commonly arise in instances of terminated employment, the most common property interest in issue is an employee's interest in continued employment generally.  *See, e.g.*, *Roth*, 408 U.S. 564.  However, there is a significant amount of case law recognizing that an employee may have a property interest in a position or rank, of which the employee may be deprived by a demotion alone, without the complete termination of employment.  *See, e.g.*, *Peterson v. Minidoka County Sch. Dist. No. 331*, 118 F.3d 1351 (9th Cir. 1997) (holding that an Idaho plaintiff had a property interest in his principalship and that he was denied the process of law due him when the school board did not renew his principalship but offered him a position as a teacher instead), *amended by* 132 F.3d 1258 (9th Cir. 1997); *Koepping v. Tri-County Metro. Transp. Dist. of Or.*, 120 F.3d 998 (9th Cir. 1997) (determining whether the plaintiff had a cognizable property interest in his position as foreman, a "classified" position, after the title was changed to "supervisor," an unclassified position under Oregon law); *Stiesberg v. California*, 80 F.3d 353 (9th Cir. 1996) (holding that the plaintiff, who had been transferred from his position as Commander of the CHP's North Sacramento Area to Commander of the CHP's Air Operations Division, a transfer which had no adverse effect on his rank, pay, or privileges, did not have a property interest in his original position); *McGraw v. City of Huntington Beach*, 882 F.2d 384 (9th Cir. 1989) (holding that the plaintiff had a property interest "at least to continued employment in the position from which [she] had been promoted," a position in which she had successfully completed a probationary period and so had achieved "permanent employee" status); *Ross v. Clayton County, Ga.*, 173 F.3d 1305 (11th Cir. 1999) (noting that the Eleventh Circuit Court of Appeals has "held that an employee may have a property interest in his rank in addition to a property interest in continued employment itself"); *Hennigh v. City of Shawnee*, 155 F.3d 1249 (10th Cir. 1998) (holding that the plaintiff, who had been demoted, "had a legitimate property interest in his rank"); *Williams v. Kentucky*, 24 F.3d 1526 (6th Cir. 1994) (holding that the plaintiff, who had been demoted, "had a property interest in her job"); *Winkler v. County of DeKalb*, 648 F.2d 411 (5th Cir. 1981) (finding the existence of "rules or mutually explicit understandings" that the plaintiff would not be demoted to a position of vastly diminished responsibilities without cause).

**MEMORANDUM DECISION AND ORDER -9-**

*Support*, pp. 36–37 (Docket No. 9, Att. 1).[9]  These ranks include, in order of increasing pay grade level, Deputy, Corporal, Sergeant, and Field Lieutenant.  *Id*.  As previously noted, the Field Lieutenant rank/position is a "classified" position.

According to Section 7.1.1.2 of the County Handbook, "[c]lassified employees are subject to the probationary period and due process provisions contained in th[e] policy handbook."  *County Handbook, Ex. 13 to Plaintiff's Memorandum in Support*, p. 12 (Docket No. 9, Att. 2).[10]  To that end, the County Handbook provides for a probationary period of not less than six months and for a due process hearing "in the event of a termination, demotion with attendant reduction in pay, or suspension without pay."  *Sections 7.2.1, 8.3.3.3.1, County Handbook, Ex. 13 to Plaintiff's Memorandum in Support*, pp. 13–14, 18 (Docket No. 9, Att. 2). However, as Defendants recognize, "[e]lected officials and department heads may adopt additional personnel policies which are not inconsistent with the policies contained in" the County Handbook.  *Defendants' Memorandum in Opposition*, p. 7 (Docket No. 19); *County Handbook, Ex. 13 to Plaintiff's Memorandum in Support*, p. 2 (Docket No. 9, Att. 2). Accordingly, the Sheriff's Office Policy sets forth terms of Plaintiff's employment provided the policies are not inconsistent with those contained in the County Handbook.  However, where the Sheriff's Office Policy is inconsistent with the County Handbook, the County Handbook controls.  *County Handbook, Ex. 13 to Plaintiff's Memorandum in Support*, p. 2 (Docket No. 9, Att. 2); *Defendants' Supplemental Response*, p. 3 (Docket No. 46); *Plaintiff's Supplemental Reply*, pp. 8–9 (Docket No. 47).

---

[9] The parties have stipulated that this exhibit is "of record."  *Stipulation Re: Summary Judgment Record*, ¶ 5 (Docket No. 39).

[10] The parties have stipulated that this exhibit is "of record."  *Stipulation Re: Summary Judgment Record*, ¶ 6 (Docket No. 39).

Pursuant to the Sheriff's Office Policy, the applicable probationary period provision establishes that, for employees of the Sheriff's Office, a promotion is considered permanent after the employee successfully completes a one-year probationary period in his or her new position. *Section 1074.15, Sheriff's Office Policy, Ex. 14 to Plaintiff's Memorandum in Support*, p. 21 (Docket No. 9, Att. 3).[11]  Because such a probationary period is not less than six months, the one-year probationary period set forth in the Sheriff's Office Policy is not inconsistent with the policies contained in the County Handbook.  Accordingly, because Plaintiff had apparently successfully completed a one-year probationary period, there was a mutually-explicit understanding, in this case, that Plaintiff's promotion to Field Lieutenant was considered permanent.

As for depriving an employee of his or her rank or position, the Sheriff's Office Policy states that "[m]embers may be terminated for a major conduct violation, repetition of minor conduct violations, or for work performance falling below the established standards."  *Section 0075.04, Sheriff's Office Policy, Ex. 14 to Plaintiff's Memorandum in Support*, p. 19 (Docket No. 9, Att. 3).  In addition,

> [a] member may be demoted in rank, position, and/or pay grade as a disciplinary action or for work performance falling below the established standards.  Written notice must be given to the member of at least five (5) working days in advance of the effective date of demotion.  All demotions must be approved by the Sheriff or the Sheriff's designee.  All demotions for other than disciplinary reasons will be subject to a performance evaluation and the policies for such evaluations.

*Id*.  Such policies, which are not inconsistent with those set forth in the County Handbook, establish that there was a mutually-explicit understanding that an employee will retain his or her

---

[11] The parties have stipulated that this exhibit is "of record."  *Stipulation Re: Summary Judgment Record*, ¶ 7 (Docket No. 39).

present rank, position, or pay grade (i.e., will not be terminated or demoted) absent just cause (i.e., absent a disciplinary violation or work performance falling below established standards).

In summary, the policies in effect at the time in question establish a mutually-explicit understanding that (1) Plaintiff's position as a Field Lieutenant was a "classified" position, (2) Plaintiff's promotion to Field Lieutenant was considered "permanent," and (3) Plaintiff could not be demoted from his rank as Field Lieutenant absent just cause. Accordingly, Plaintiff not only had a property interest in continued employment, he had a property interest in continued employment at his rank of Field Lieutenant absent just cause for a demotion or termination.[12] Thus, Plaintiff's interest in continued employment at his rank of Field Lieutenant was protected against termination or demotion without cause.

## 2.      Deprivation of Property Interest

Having concluded that Plaintiff had a protectable property interest in continued employment at his rank of Field Lieutenant, which was protected against termination or demotion without cause, the next step in the procedural due process analysis is to determine whether Plaintiff was deprived of that interest. *See Roth*, 408 U.S. 564. Thus, for purposes of

---

[12] Notably, the sections of the Sheriff's Office Policy referred to above do not distinguish between "at-will" and "classified" employees. Thus, it first appears that even an "at-will" employee could achieve a "permanent" promotion and that the same limitations on a demotion or termination would apply as apply to a "classified" employee. *See Sections 0075.04 & 1074.15, Sheriff's Office Policy, Ex. 14 to Plaintiff's Memorandum in Support*, pp. 19, 21 (Docket No. 9, Att. 3). However, such a reading would mean the Sheriff's Office Policy was inconsistent with the policies in the County Handbook, which state that

> [e]mployment at-will means that the supervisor with authority to select or terminate employees can discipline or terminate an employee without limitation upon his/her discretion to do so, subject to the applicable principles of employment law. Such employees serve at the pleasure of the responsible elected official, and are not subject to the probationary period and due process provisions contained in this manual.

*Section 7.1.1.1., County Handbook, Ex. 13 to Plaintiff's Memorandum in Support*, p. 12 (Docket No. 9, Att. 2). Again, only classified employees are subject to such provisions. *Section 7.1.1.2, County Handbook, Ex. 13 to Plaintiff's Memorandum in Support*, p. 12 (Docket No. 9, Att. 2). Accordingly, while the Court concludes that the policies in the County Handbook and Sheriff's Office Policy operate to create a property interest in rank for classified employees, the Court makes no such conclusion as to the ranks of at-will employees.

**MEMORANDUM DECISION AND ORDER -12-**

the pending motion for partial summary judgment, the issue is whether Plaintiff was demoted

without cause.[13]

### a.   Demotion or Reassignment

Though Plaintiff contends he was demoted from the rank of Field Lieutenant to the rank

of Contract Deputy, Defendants argue that Plaintiff was merely "reassigned" to different duties,

but not demoted. *Plaintiff's Memorandum in Support*, p. 2 (Docket No. 9); *see Defendants'*

*Memorandum in Opposition*, pp. 8–9 (Docket No. 19).

Section 2.2.3 of the County Handbook defines a demotion as a "reassignment to a

position of a lower compensation range than the employee's prior position."[14]  *Excerpt from*

*County Handbook* (Docket No. 36).[15]  On the other hand, the Sheriff's Office Policy defines

demotion as "the reduction in pay grade or rank with a commensurate reduction in salary."

*Section 0010.10, Sheriff's Office Policy*, *Ex. 6 to Erbland Affidavit*, p. 14 (Docket No. 46, Att. 3).

The two definitions are inconsistent.  According to the County Handbook, an employee

has been demoted if the new position is of a lower compensation range regardless of whether the

---

[13] In his Complaint and in briefing the pending motion, Plaintiff has occasionally characterized his assignment to
Contract Deputy as a "wrongful discharge" or "constructive discharge." *See Complaint*, ¶ 5.4 (Docket No. 1);
*Plaintiff's Memorandum in Support*, p. 7 (Docket No. 9).  However, the substance of his arguments with regard to
the pending motion address the alleged deprivation of property interest strictly as a demotion, not a termination. *See*
*Plaintiff's Memorandum in Support*, p. 2 (Docket No. 9).  Accordingly, the Court will not, at this time, address
whether Plaintiff's property interest was deprived due to the alleged wrongful or constructive termination.

[14] Importantly, the definition of "demotion" hinges on the pay range of the position to which an employee is
assigned.  It does not depend on whether the employee is actually being compensated within that range.  Thus, the
fact that Plaintiff's salary was not decreased when he was reassigned does not prevent the reassignment from being
considered a "demotion" for purposes of the pending motion for partial summary judgment.

[15] The page from the County Handbook containing Section 2.2.3 was admitted as evidence at the July 19, 2006,
hearing.  *Minute Entry* (Docket No. 35).  The parties have stipulated that it is "of record."  *Stipulation Re: Summary*
*Judgment Record*, ¶ 12 (Docket No. 39).

**MEMORANDUM DECISION AND ORDER -13-**

employee's pay is actually reduced.  On the other hand, according to the Sheriff's Office Policy, a reduction in pay grade or salary is necessary for a reassignment to constitute a demotion.[16]

As the parties agree, where the Sheriff's Office Policy and the County Handbook are inconsistent, the County Handbook controls.  *County Handbook*, *Ex. 13 to Plaintiff's Memorandum in Support*, p. 2 (Docket No. 9, Att. 2); *Defendants' Supplemental Response*, p. 3 (Docket No. 46); *Plaintiff's Supplemental Reply*, pp. 8–9 (Docket No. 47).  Accordingly, the definition of "demotion" within the County Handbook controls in this case.  Thus, Plaintiff was demoted if he was reassigned to a position of a lower compensation range, i.e., if the Contract Deputy position was of a lower compensation range than the Field Lieutenant range, even though Plaintiff's salary allegedly remained the same.

The compensation range for a Field Lieutenant was $35,628 – $49,104 while the compensation range for a Deputy Contract Officer, a.k.a. a "Patrol Deputy,"[17] was $27,084 – $37,404.  *Latah County 2003 - 2004 Salary Scale*, *Ex. 12 to Plaintiff's Memorandum in Support*, pp. 36–37 (Docket No. 9, Att. 1).  Thus, Plaintiff's reassignment from Field Lieutenant to Deputy Contract Officer was a reassignment to a position of a lower compensation range than his prior position.  As such, for purposes of the pending motion for partial summary judgment, it constituted a demotion.

---

[16] Interestingly, in Section 0075.04, the Sheriff's Office Policy states that "[a] member may be demoted *in rank, position, and/or pay grade* as a disciplinary action or for work performance falling below the established standards." *Sheriff's Office Policy*, *Ex. 14 to Plaintiff's Memorandum in Support*, p. 19 (Docket No. 9, Att. 3) (emphasis added). By acknowledging that a member may be demoted "in rank, position, and/*or* pay grade," Section 0075.04 indicates that a member could be demoted in only one of the three ways (i.e., in rank, position, or pay grade) without the other two being present. Therefore, while Section 0010.10 of the Sheriff's Office Policy defines a demotion as reduction in rank *with* a reduction in salary, Section 0075.04 allows for a demotion being a reduction in rank *without* a reduction in salary.  Thus, the Sheriff's Office Policy is inconsistent in its definition of "demotion."

[17]  The parties agree that the position of "Contract Deputy" is equivalent to the position of "Patrol Deputy."  *See Defendants' Supplemental Response*, p. 7 (Docket No. 46); *Plaintiff's Supplemental Reply*, p. 8 (Docket No. 47).

**MEMORANDUM DECISION AND ORDER -14-**

b.      **With or Without Cause**

Having concluded that Plaintiff was demoted, because Plaintiff's continued employment as a Field Lieutenant was protected only against demotion or termination *without cause*, the issue is whether Plaintiff's demotion was with cause.[18]

Rausch acknowledged that Plaintiff's transfer from Field Lieutenant to Contract Deputy was not for disciplinary reasons. *Rausch Affidavit*, ¶ 9 (Docket No. 19, Att. 1); *Rausch Deposition*, *Ex. 1, pt. 2, to Rembert Affidavit*, p. 22 (Docket No. 40, Att. 1). Further, Defendants have presented no evidence that would support a finding that Rausch's decision to demote Plaintiff was "for work performance falling below the established standards." Rather, Plaintiff was reassigned apparently because Rausch believed that the position of Field Lieutenant was reserved for his second-in-command, and he understood that he had the discretion to choose his own second-in-command and was not bound to keep the same second-in-command as the previous sheriff. *Id.* at ¶ 7.[19] Accordingly, Plaintiff's demotion was not for a disciplinary action or for work performance falling below established standards. Thus, Plaintiff was demoted without cause, thereby depriving him of his property interest.

3.      **Denial of Due Process**

Having concluded that Plaintiff had a protectable property interest of which he was deprived, the next issue for consideration is whether Plaintiff was denied the process due him for

---

[18] As noted earlier, according to the Sheriff's Office Policy, "[a] member may be demoted in rank, position, and/or pay grade as a disciplinary action or for work performance falling below the established standards." *Section 0075.04, Sheriff's Office Policy, Ex. 14 to Plaintiff's Memorandum in Support*, p. 19 (Docket No. 9, Att. 3).

[19] This belief was incorrect. The Sheriff had discretion to make any one of his deputies his second-in-command, or "senior deputy," regardless of rank. *Appendix A to County Handbook, Ex. 4 to Plaintiff's Reply*, p. 15 (Docket No. 24, Att. 1); *Stipulation Re: Summary Judgment Record*, ¶ 10 (Docket No. 39) (containing the parties' stipulation that Exhibit 4 to Plaintiff's Reply is "of record."). Thus, the Sheriff's power to appoint, at his discretion, a second-in-command did not alleviate the demotion prerequisite of a disciplinary violation or failing work performance.

such a deprivation.  *See Roth*, 408 U.S. 564.  Due process generally requires that "an individual

be given an opportunity for a hearing *before* he is deprived of any significant property interest."

*Sanchez v. City of Santa Ana*, 915 F.2d 424, 429 (9th Cir. 1990) (citing *Cleveland Bd. of Educ. v.*

*Loudermill*, 470 U.S. 532, 542 (1985)).

      In addressing this issue, the Court recognizes that the County Handbook "establishes the

right of non-probationary classified employees to a due process hearing in the event of a

termination, demotion *with attendant reduction in pay*, or suspension without pay."  *Section*

*8.3.3.3.1*, *County Handbook*, *Ex. 13 to Plaintiff's Memorandum in Support*, p. 18 (Docket No. 9,

Att. 2) (emphasis added).  In this case, Plaintiff's transfer was not a demotion with attendant

reduction in pay.  Nonetheless, that does not preclude the need for some form of process either

prior to or following the deprivation.  It has been observed that "once conferred . . . the federal

constitution prohibits state lawmakers from authorizing the deprivation of . . . property rights

without appropriate procedural safeguards."  *McGraw v. City of Huntington Beach*, 882 F.2d

384, 389–90 (9th Cir. 1989).

      As to whether Plaintiff was provided sufficient process in regard to his demotion,

Defendants argue that Rausch complied with the Sheriff's Office Policy, which, they contend,

"simply requires written notice be given at least five (5) working days in advance of the effective

date of the demotion."  *Defendants' Memorandum in Opposition*, p. 10 (Docket No. 19).  To the

contrary, the Sheriff's Office Policy requires that "[a]ll demotions for other than disciplinary

reasons [] be subject to a performance evaluation and the policies for such evaluations."  *Section*

*0075.04*, *Sheriff's Office Policy*, *Ex. 14 to Plaintiff's Memorandum in Support*, p. 19 (Docket

No. 9, Att. 3).  The record is clear that Plaintiff's reassignment was for "other than disciplinary

reasons," *Rausch Deposition*, *Ex. 1, pt. 2, to Rembert Affidavit*, p. 22 (Docket No. 40, Att. 1), yet

the record contains no evidence that Rausch subjected Plaintiff to a performance evaluation in regard to his decision to demote him.  Accordingly, Plaintiff was not afforded the process due him either prior or subsequent to the deprivation of his property interest.[20]

**C.   Summary**

Having carefully examined the record evidence and considered oral arguments, the Court finds, and thus concludes, that Plaintiff had a property interest in continued employment in his classified position as Field Lieutenant, which was protected from demotion or without cause. The Court further finds and concludes that Defendants failed to provide due process to Plaintiff when Defendant Wayne Rausch demoted Plaintiff, without cause, from the rank of Field Lieutenant to Contract Deputy.  Accordingly, to that extent, Plaintiff's Motion for Partial Summary Judgment Regarding Property Interest and Due Process (Docket No. 8) is granted.

Notably, because the pending motion raises only the alleged constitutional violation based on the denial of due process, the other causes of action in the Complaint have not been addressed by this Memorandum Decision and Order and remain pending.[21]

**III.**

**MOTION TO STRIKE EXHIBITS TO ERBLAND AFFIDAVIT AND MOTION TO MODIFY SCHEDULING ORDER**

On October 20, 2006, Plaintiff objected to the Affidavit of Peter C. Erbland and Exhibits 3 through 7 attached thereto (Docket No. 46, Atts. 1–3) filed on October 12, 2006, and moved to

---

[20] This conclusion is limited to the issue before the Court, i.e., whether "Defendants failed to provide <u>due process</u> to [Plaintiff] when Defendant Wayne Rausch . . . demoted him from the rank of Field Lieutenant to Contract Deputy." *Plaintiff's Motion for Partial Summary Judgment*, p. 2 (Docket No. 8) (emphasis in original).  In addressing the pending motion, the Court has not been asked to, nor will it, address the question of exactly what process should have been provided.

[21] The other causes of action brought by Plaintiff in his Complaint are breach of contract, wrongful discharge contrary to public policy, constitutional violation of retaliation for the exercise of free speech and political expression, and age discrimination.  *Complaint*, pp. 12–15 (Docket No. 1).

**MEMORANDUM DECISION AND ORDER -17-**

strike the referenced exhibits, arguing that the documents were untimely and irrelevant.

*Plaintiff's Objection* (Docket No. 48).  Specifically, Plaintiff noted that "[t]he Court's *Order*

*Continuing Motion* of July 24, 2006, directed that the parties . . . 'complete' the record . . . <u>no</u>

<u>later</u> than September 15, 2006."  *Plaintiff's Objection*, p. 1 (Docket No. 48) (emphasis in

original) (referring to *Order Continuing Motion*, p. 2 (Docket No. 34)).

In responding to the objection, Defendants request that the Court modify its July 24,

2006, Order to allow consideration of the documents submitted with the Erbland Affidavit.

*Defendants' Response to Objection*, p. 1 (Docket No. 49).  This request is, in essence, a motion

to modify a pre-trial scheduling order pursuant to Federal Rule of Civil Procedure 16, and the

Court will address it as such.

## A.       **<u>Defendants' Motion to Modify Scheduling Order</u>**

Federal courts are given broad discretion in supervising the pretrial phase of litigation.

*Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).  Pursuant to Federal Rule of

Civil Procedure 16, a pretrial scheduling order "shall not be modified except upon a showing of

good cause."  Fed. R. Civ. P. 16(b).  Accordingly, the pretrial schedule may be modified "if it

cannot reasonably be met despite the diligence of the party seeking the extension."  *Johnson v.*

*Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  Further, though "the existence

or degree of prejudice to the party opposing the modification might supply additional reasons to

deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking

modification."  *Id.*

**MEMORANDUM DECISION AND ORDER -18-**

Defendants have not asserted any reason why, despite their diligence, they could not have complied with the Court's order that the record be made complete on or before September 15, 2006.  Accordingly, Defendants have not shown good cause for modification of the July 24, 2006, Order, and its motion to modify the Scheduling Order is denied.

**B.**      **Plaintiff's Motion to Strike**

However, although the scheduling order will not be modified, the motion to strike will be denied.  A motion to strike is "neither an authorized nor a proper way to procure the dismissal of all or part of a complaint, or a counterclaim, or *to strike affidavits*."  *Rockholt v. United Van Lines*, 697 F. Supp. 383, 386 (D. Idaho 1988) (quoting 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1380 (1969)) (emphasis added).  Further, as a general rule, motions to strike based on Federal Rule of Civil Procedure 12(f) are viewed with disfavor and are not frequently granted.  *Pease & Curren Refining, Inc. v. Spectrolab, Inc.*, 744 F. Supp. 945, 947 (C.D. Cal. 1990); *United States v. Shell Oil Co.*, 605 F. Supp. 1064, 1085 (D. Colo. 1985). Accordingly, and because Plaintiff has not been prejudiced by any consideration the Court may have given to the Erbland Affidavit or the exhibits attached thereto in that Plaintiff's Motion for Partial Summary Judgment Regarding Property Interest and Due Process (Docket No. 8) has been granted, Plaintiff's motion to strike the noted portions of the Erbland Affidavit is denied.

**IV.**

**ORDER**

In accordance with the foregoing, IT IS HEREBY ORDERED:

1.    Plaintiff's Motion for Partial Summary Judgment Regarding Property Interest and

Due Process (Docket No. 8) is GRANTED in that the Court finds, and thus

concludes, that

a.    Plaintiff had a property interest in continued employment in his classified

position as Field Lieutenant, which was protected from demotion or

termination without cause, and

b.    Defendants failed to provide due process to Plaintiff when Defendant

Wayne Rausch demoted Plaintiff, without cause, from the rank of Field

Lieutenant to Contract Deputy.

2.    Plaintiff's Motion to Strike Exhibits 3 through 7 to the Erbland Affidavit,

included in Plaintiff's Objection to Affidavit of Peter C. Erbland Regarding

Summary Judgment Record (Docket No. 48), is DENIED.

3.    Defendants' Motion to Modify the July 24, 2006, Order, included in Defendants'

Response to Plaintiff's Objection Regarding Summary Judgment Record (Docket

No. 49), is DENIED.

4.    All other causes of action and defenses remain pending.

DATED:  **November 7, 2006**.

Honorable Larry M. Boyle
Chief U. S. Magistrate Judge

**MEMORANDUM DECISION AND ORDER -20-**