IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RICHARD KRAMER,               )<br>                                                     )<br>         Plaintiff,                      )<br>                                                     )<br>v.                                              )<br>                                                     )<br>LATAH COUNTY, IDAHO; LATAH   )<br>COUNTY BOARD OF COMMISSIONERS; )<br>WAYNE RAUSCH, in his official capacity )<br>as Sheriff of Latah County, Idaho, and in his )<br>individual capacity; and RACHEL RAUSCH, )<br>and the marital community comprised of )<br>WAYNE and RACHEL RAUSCH, husband )<br>and wife,                               )<br>                                                     )<br>         Defendants.                 )<br>_____) | Case No. CV 05-471-C-LMB<br><br>**ORDER** |

Currently pending before the Court are Plaintiff's Motion in Limine Re Mitigation (Docket No. 53) and Plaintiff's Motion for Reinstatement (Docket No. 59). Having carefully reviewed the record, considered oral arguments on the pending motions, and otherwise being fully advised, the Court enters the following Order.

**I.**

**BACKGROUND**[1]

Plaintiff Richard Kramer ("Plaintiff" or "Kramer") began his employment with the Latah County Sheriff's Office on December 3, 1990. *Kramer Affidavit*, ¶ 2 (Docket No. 11).

---

[1] The background is set forth more fully in the Memorandum Decision and Order granting Plaintiff partial summary judgment and is incorporated by reference here. (Docket No. 51).

ORDER 1

On January 10, 2005, Defendant Wayne Rausch ("Rausch") took office as the new Latah County Sheriff, and on February 4, 2005, he "reassigned" Plaintiff, who had by then attained the rank of Field Lieutenant, to "Deputy Contract Officer." *Plaintiff's Memorandum in Support of Motion for Partial Summary Judgment*, Ex. 8, p. 28 (Docket No. 9, Att. 1).

Plaintiff was told that while his wage would not change due to the position change, he would receive no further pay increases for the duration of his employment with the Latah County Sheriff's Office "[b]ecause this wage is considerably higher than even that of a Sergeant." *Id.* at Ex. 10, p. 32 (Docket No. 9, Att. 1). Further, Plaintiff was told that "[b]ecause of the considerable [wage] rate" he would be receiving for the new position he would occupy, he was not to work overtime without consent of the shift supervisor. *Id.* at Ex. 11, p. 34 (Docket No. 9, Att. 1).

On April 5, 2005, Plaintiff resigned. *Kramer Affidavit*, ¶ 2 (Docket No. 11). On November 18, 2005, Plaintiff filed this action, bringing several claims: breach of contract, wrongful discharge contrary to public policy, constitutional violations including retaliation for the exercise of free speech and political expression and denial of due process, and age discrimination. *Complaint*, pp. 12–15 (Docket No. 1). The age discrimination and breach of contract claims have been dismissed pursuant to Plaintiff's unopposed motion for voluntary dismissal. *Order* (Docket No. 67).

In addition, Plaintiff sought and obtained summary judgment in his favor on the due process claim. *Motion for Partial Summary Judgment Regarding Property Interest and Due Process* (Docket No. 8); *Memorandum Decision and Order* (Docket No. 51). The Order granting summary judgment provided that Plaintiff had a property interest in continued employment in his classified position as Field Lieutenant, which was protected from demotion or

ORDER 2

termination without cause, and that Defendants failed to provide due process to Plaintiff when Defendant Rausch assigned Plaintiff to Deputy Contract Officer position. *Memorandum Decision and Order*, p. 20 (Docket No. 51).

Plaintiff now seeks an order (1) precluding Defendants from introducing at trial any evidence or argument indicating that he should have accepted the demotion to Deputy Contract Officer in mitigation of his damages, *Plaintiff's Motion in Limine Re Mitigation* (Docket No. 53), and (2) requiring Defendants to reinstate him as a Field Lieutenant, *Motion for Reinstatement* (Docket No. 59).

## II.

## MOTION IN LIMINE

Defendants have asserted as an affirmative defense that "Plaintiff may be barred from recovery in whole or in part for failure to mitigate damages." *Answer*, p. 12, ¶ XII (Docket No. 17). Plaintiff requests an order prohibiting Defendants "from directly or indirectly introducing or attempting to introduce any evidence of, interrogate concerning, arguing or in any other way attempting to convey to the jury that the Plaintiff had a duty to mitigate his damages by accepting the position of patrol deputy to which he was demoted from Field Lieutenant." *Motion in Limine*, pp. 1-2 (Docket No. 53).

**A.    Standards of Law**

Irrelevant evidence may be excluded from trial; only relevant evidence is admissible. *See* Fed. R. Evid. 402. "Relevant evidence" means "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

**B.     Discussion**

Damage awards under 42 U.S.C. § 1983[2] are governed by the principle of compensation, and the Plaintiff must "convince the trier of fact that he actually suffered distress because of the denial of procedural due process itself." *Carey v. Piphus*, 435 U.S. 247, 257 (1978); *see also Coral Const. Co. v. King County*, 941 F.2d 910, 927 (9th Cir. 1991) (noting that a plaintiff must "show a causal link between the purported violation and [his] injury to recover damages"); *Phillips v. Hust*, 477 F.3d 1070 (9th Cir. 2007) (determining that "no compensatory damages may be awarded absent proof of actual injury" in a § 1983 action). Moreover, the Plaintiff in a § 1983 action "has a duty to mitigate damages." *Meyers v. City of Cincinnati*, 14 F.3d 1115, 1119 (6th Cir. 1994).[3]

Plaintiff argues that "[s]ubstantial federal case law establishes that an employee wrongfully removed is under no obligation to accept a demotion in order to mitigate his or her damages." *Plaintiff's Memorandum in Support of Motion in Limine*, p. 6 (Docket No. 53-2). In almost every case cited by Plaintiff, however, the issue of mitigation was decided by *a trier of fact* after development of the record, and not as a matter of law. *See, e.g.*, *Williams v. Albemarle City Bd. of Ed.*, 508 F.2d 1242 (4th Cir. 1974). In *Williams*, for example, the Fourth Circuit Court of Appeals indicated that the trier of fact should assess whether a "discharged or demoted" plaintiff "reasonably refused" alternative employment because "whether the refusal to accept

---

[2] Plaintiff's constitutional due process claim has been brought under 42 U.S.C. § 1983. *Complaint*, p. 14 (Docket No. 1).

[3] As Plaintiff has acknowledged, "[a]n employee wrongfully discharged, demoted or denied a job, has a duty to mitigate damages by " . . . using reasonable diligence in finding other suitable employment." *Plaintiff's Memorandum in Support of Motion in Limine*, p. 6 (Docket No. 53-2) (quoting *Hawkins v. 1115 Legal Serv. Care*, 163 F.3d 684, 695 (2d Cir. 1998) (emphasis removed and internal quotation marks omitted)).

ORDER 4

alternative employment is so unreasonable as to preclude recovery of damages by the improperly discharged or demoted employee requires a weighing of many facts and circumstances." *Id.* at 1243.

Thus, whether a discharged or demoted plaintiff reasonably refused alternative employment is more appropriately decided as a factual issue by the trier of fact. *See, e.g.*, *Phillips*, 477 F.3d 1070 ("computation of damages is a finding of fact"); *McClure v. Indep. School Dist. No. 16*, 228 F.3d 1205 (10th Cir. 2000) (the issue of damages for a procedural due process violation in an employment termination case was decided as a question of fact by the trier of fact in a bench trial); *Meyers*, 14 F.3d at 1116 (in a § 1983 action, "damages present a question of fact"); *Boehms v. Crowell*, 139 F.3d 452, 459-60 (5th Cir. 1998) (explaining that a trial court's findings, after a bench trial, that an alternative position offered by the employer was "inferior" and the plaintiff reasonably mitigated his damages even though he refused the alternative position, are "factual determination[s]"); *Booker v. Taylor Milk Co., Inc,*. 64 F.3d 860, 865 (3d Cir. 1995) (finding of reasonable diligence made after bench trial); *Williams*, 508 F.2d at 1243.

Accordingly, because the employer bears the burden of showing that the employee did not exercise reasonable efforts to mitigate damages, *see McClure*, 228 F.3d at 1214, and the trier of fact is charged with determining whether Defendants have met this burden, issues related to Plaintiff's acceptance of the Deputy Contract Officer position are relevant to the present action and will not be excluded from trial at this time.

Here, Defendants have not had the opportunity to demonstrate to the trier of fact that, for the purpose of mitigation of damages, the Deputy Contract Officer position and the Field Lieutenant position were substantially similar. "[O]nce the plaintiff has presented evidence of

ORDER 5

damages, the defendant has the burden of establishing a failure to properly mitigate damages . . . [by] establish[ing] that substantially equivalent positions were available and that the plaintiff failed to exercise reasonable care and diligence in seeking those positions." *Meyers*, 14 F.3d at 1119; *see also McClure*, 228 F.3d at 1214.[4]

For these reasons, Plaintiff's Motion in Limine is denied, without prejudice to Plaintiff raising the issue as an evidentiary matter at trial or as it relates to jury instructions.

## III.

## MOTION FOR REINSTATEMENT

**A.**     **Discussion**

The November 7, 2006 Order granting summary judgment on Plaintiff's procedural due process claim provided that Plaintiff had a property interest in continued employment in his classified position as Field Lieutenant, which was protected from demotion or termination without cause, and that Defendants failed to provide due process to Plaintiff when Defendant Rausch demoted Plaintiff, without cause, from the rank of Field Lieutenant to Deputy Contract Officer. *Memorandum Decision and Order*, p. 20 (Docket No. 51). The Order specifically noted that the issue was not "whether Plaintiff was deprived of a property interest by having his employment discontinued, but whether Plaintiff was deprived of a property interest by being demoted or reassigned to the Contract Deputy position." *Id.* at p. 8 (citing *Plaintiff's*

---

[4] In this respect, it is notable that the summary judgment Order determined (for the limited purpose of deciding whether Plaintiff had been deprived of a protected property interest) that Plaintiff had been demoted, as defined by the County Handbook, that is, "the new position is of a lower compensation range regardless of whether the employee's pay is actually reduced." *Memorandum Decision and Order*, pp. 13-14 (Docket No. 51). The Order specified that it was "for the purposes of the pending motion for partial summary judgment," that the assignment to the Deputy Contract Officer position "constituted a demotion." *Id.* at p. 14. Thus, the issue of whether the Deputy Contract Officer position is a "substantially equivalent" position for purposes of mitigation, has not yet been decided.

ORDER 6

*Memorandum in Support of Motion for Partial Summary Judgment*, p. 6 (Docket No. 9)).

Plaintiff now requests that, as a remedy for the due process violation, he be reinstated in his position as Field Lieutenant, or a functionally equivalent position, and his seniority be restored. *Motion for Reinstatement*, p. 1 (Docket No. 59). All parties agree that reinstatement is the preferred remedy for discharges from employment that violate 42 U.S.C. § 1983 to cover loss of future earnings (i.e., "front pay"). *Plaintiff's Memorandum in Support of Motion for Reinstatement*, p. 5 (Docket No. 59-2); *Defendants' Memorandum in Opposition*, p. 3 (Docket No. 62).

Defendants, however, argue that this remedy should not be granted, if at all, until after the factual record is further developed at trial because they have a right to show that there was no "but for cause in fact" relationship between the procedural due process violation and the damages alleged to stem from that violation. *Defendants' Memorandum in Opposition*, p. 3 (Docket No. 62). In a § 1983 case, "once a plaintiff establishes a constitutional violation, the burden shifts to the defendant to show by a preponderance of the evidence that it would have reached the same result absent the violation." *McClure v. Indep. School Dist. No. 16*, 228 F.3d 1205, 1213 (10th Cir. 2000) (explaining that the defendant must establish, by a preponderance of the evidence, that it would have reached the same termination decision in any event and unless the defendant carries that burden, the plaintiff is entitled to recover damages for the injury caused by the defendant's adverse action); *see also Carey v. Piphus*, 435 U.S. 247, 263 (1978) (the "ambiguity in causation . . . provides additional need for requiring the plaintiff to convince the trier of fact that he actually suffered distress because of the denial of procedural due process itself); *id.* at 260 (agreeing with the circuit court that if a defendant can prove that a plaintiff "would have been suspended even if a proper hearing had been held," then the plaintiff would

ORDER 7

not be "entitled to recover damages to compensate them for injuries caused" by the due process violation).

In *McClure*, for example, the Tenth Circuit Court of Appeals determined that the district court erred in refusing to consider the defendant's evidence that it would have made the same decision even in the absence of the constitutional violation, holding that the defendant "is entitled to present evidence relevant to satisfying that burden." *McClure*, 228 F.3d at 1213. Plaintiff agrees that "once the plaintiff shows as constitutional violation 'the burden shifts to the defendant to show by a preponderance of the evidence that it would have reached the same result absent the violation.'" *Plaintiff's Reply on Motion in Limine*, p. 5 (Docket No. 57) (quoting *McClure*, 228 F.3d at 1213). Defendants have not yet had the opportunity to present this type of evidence to a trier of fact. Regardless of whether such evidence exists or Defendants can actually meet their burden, they should have the opportunity to do so at trial as Plaintiff did not request summary adjudication of this issue.

Moreover, issues of fact with respect to reinstatement remain. Although reinstatement is the preferred remedy to avoid future lost earnings, a court may deny reinstatement "when, for example, animosity between the parties makes such a remedy impracticable."[5] *Robinson v. Southeastern Penn. Transp. Auth., Red Arrow Div*. ,982 F.2d 892, 899 (3d Cir. 1993) (damages issues were decided by trial court in bench trial as issues of fact). Thus, reinstatement is not available in all cases. *Versarge v. Township of Clinton N.J.*, 984 F.2d 1359, 1368 (3d Cir. 1993); *Standley v. Chilhowee R-IV Sch. Dist*., 5 F.3d 319, 322 (8th Cir. 1993); *Tennes v. Mass. Dep't of*

---

[5] Even according to one of the principal cases cited by Plaintiff in his brief, *Feldman v. Philadelphia Housing Auth*., 43 F.3d 823, 831 (3d Cir. 1994), "reinstatement is not the exclusive remedy, because it is not always feasible, such as when there exists 'irreparable animosity between the parties.'"

ORDER 8

*Revenue*, 944 F.2d 372, 381 (7th Cir. 1991) (explaining that the district court's "conclusion that [plaintiff], after all that had transpired, would not enjoy the confidence or respect of current management, was not unreasonable").

Here, while there is some evidence in the record indicating animosity existing between the parties, as reflected in the letter Plaintiff submitted to the Lewiston Morning Tribune in which he challenged Defendant Rausch's honesty, *Kramer Affidavit*, ¶ 6 (Docket No. 11), and Rausch's deposition testimony that someone who thinks he is a liar "certainly isn't going to fit well to be my second in command," *Memorandum in Support of Motion for Reinstatement*, Exhibit 1 (Docket No. 59-2), the record is not fully developed.

For all of these reasons, Plaintiff's request for reinstatement will be denied at this time without prejudice. If Defendants cannot satisfy their burden of demonstrating that they would have made the same decision even in the absence of the due process violation, then Plaintiff's request for reinstatement will be considered before the issue of the amount of "front pay" damages is submitted to the jury.[6]

---

[6] It is the court who must decide whether reinstatement is feasible or whether front pay should be awarded in lieu of reinstatement. *Blum v. Witco Chemical Corp.*, 829 F.2d 367, 374 (3d Cir. 1987). Once this equitable decision has been made by the court, "the amount of damages available as front pay is a jury question." *Id.* (citation and internal quotation marks omitted).

ORDER 9

## IV.

## ORDER

In accordance with the foregoing, IT IS HEREBY ORDERED:

1. Plaintiff's Motion in Limine Re Mitigation (Docket No. 53) is DENIED, without prejudice.

2. Plaintiff's Motion fo Reinstatement (Docket No. 59) is DENIED, without prejudice.



DATED: **March 30, 2007**.

Honorable Larry M. Boyle
Chief U. S. Magistrate Judge

ORDER 10